# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 12, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| APRIL FERGUSON, | * | |
| Parent of J.F., a minor | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1737V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On November 6, 2017, April Ferguson ("petitioner") filed a petition in the National Vaccine Injury Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012)[2] on behalf of J.F., a minor, alleging that J.F. developed immune thrombocytopenia purpura

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

("ITP") as the result of tetanus-diphtheria-acellular pertussis ("Tdap"),[3] meningococcal conjugate, and influenza ("flu") vaccinations administered on October 23, 2014.  Petition at 1-2 (ECF No. 1).

On February 18, 2022, petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorneys and paralegals who worked on her case.  Petitioner's Application for Award of Interim Attorney's Fees and Reimbursement of Costs ("Pet. Mot."), filed Feb. 18, 2022 (ECF No. 83).  Petitioner's request can be summarized as follows:

**Richard Gage, P.C.:**

**Fees** – $44,437.70
**Costs** – $36,271.52

Petitioner thus requests a total of $80,709.22.  Respondent did not file a response by the court-imposed deadline.  This matter is now ripe for adjudication.

For the reasons discussed below, the undersigned **GRANTS IN PART** petitioner's motion and awards **$80,309.22** in attorneys' fees and costs.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.  The respondent has not filed any objection or otherwise opposed the motion.  Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid.

### A.    Reasonable Attorneys' Fees

---

[3] Although the petition alleges J.F. received a diphtheria-tetanus-acellular-pertussis ("DTaP") vaccination, J.F.'s medical records indicate J.F. received a Tdap vaccination.  Petitioner's Exhibit ("Pet. Ex.") 2 at 1.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Richard Gage – Attorney**
    2017: $318.00
    2018: $326.00
    2019: $338.00
    2020: $350.00
    2021: $362.00
    2022: $393.00

**Kristen Blume – Attorney**
    2019: $338.00
    2020: $350.00
    2021: $355.00

**Paralegals**
        2017-2020: $120.00
        2021: $130.00
        2022: $141.00

      The undersigned finds that the requested rates for 2017-2021 are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Roscoe v. Sec'y of Health & Hum. Servs., No. 11-206V, 2021 WL 3746783, at *2 (Fed. Cl. Spec. Mstr. July 30, 2021) (awarding the same rates for Mr. Gage from 2018-2021, Ms. Blume from 2019-2021, and the paralegals for 2018-2021); Goldman v. Sec'y of Health & Hum. Servs., No. 16-1523V, 2021 WL 3056263, at *2 (Fed. Cl. Spec. Mstr. June 21, 2021) (awarding the same rates for Mr. Gage from 2017-2021, Ms. Blume for 2020, and the paralegals for 2018-2021); Martin v. Sec'y of Health & Hum. Servs., No. 15-789V, 2020 WL 8674683, at *3 (Fed. Cl. Spec. Mstr. Dec. 8, 2020) (awarding the same rates for Mr. Gage from 2015-2020, Ms. Blume from 2017-2020, and the paralegals from 2016-2020).

      For 2022, petitioner requests an increased rate of $393.00 for Mr. Gage and $141.00 for the paralegals.[4] Pet. Mot. at 3. The undersigned finds the requested rate increases for Mr. Gage and the paralegals reasonable given the Mr. Gage's experience in the Program and the petitioner's use of the consumer price index calculator to factor in inflation. See, e.g., George v. Sec'y of Health & Hum. Servs., No. 17-1489V, 2019 WL 2323877, at *3 (Fed. Cl. Spec. Mstr. May 6, 2019); Auch v. Sec'y of Health & Hum. Servs., No. 12-673V, 2017 WL 1718783, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). The undersigned shall therefore award these rates for work performed in 2022.

      The undersigned also finds that the overall hours spent on this matter appear reasonable, with no reduction necessary.

      **B.**      **Attorneys' Costs**

          **1.**      **Expert Fees**

      Petitioner requests $12,500.00 for work performed by Dr. Edwin Forman. Pet. Mot. at 69-71. Dr. Forman reviewed medical records, corresponded with Mr. Gage, and prepared two expert reports over 25 hours, at a rate of $500.00 per hour. Id. Other special masters have previously found it reasonable to compensate Dr. Forman at this requested rate. See, e.g., Hogan v. Sec'y of Health & Hum. Servs., No. 13-780V, 2017 WL 3585648, at *4 (Fed. Cl. Spec. Mstr. July 24, 2020); Guido v. Sec'y of Health & Hum. Servs., No. 16-435V, 2021 WL 1972268, at *2 (Fed. Cl. Spec. Mstr. Apr. 23, 2021). The undersigned finds Dr. Forman's hourly rate and time spent working on this case reasonable and compensates him in full.

---

[4] The petitioner also requests an increased rate of $385.00 for work done by Ms. Blume in 2022. However, the invoice provided does not include any requests for work done in 2022. Pet. Mot. at 45. As Ms. Blume is not requesting compensation for work done in 2022, it is unnecessary for the undersigned to determine her 2022 rate.

Petitioner also requests $10,420.00 for work performed by Dr. Mark McNulty in calculating loss earnings due to work disability for petitioner, including a $1,000.00 retainer fee already paid to Dr. McNulty. Pet. Mot. at 68. Dr. McNulty is an economist and statistician and provided an expert report at a rate of $400.00 per hour for 28.55 hours of work. Id. Dr. McNulty has been previously compensated at this rate, given his credentials, with a Ph.D. in Economics and Statistics, and similar work provided. See Hodkinson v. Sec'y of Health & Hum. Servs., No. 14-660V, 2021 WL 5711949, at *4 (Fed. Cl. Spec. Mstr. Nov. 2, 2021). Thus, the undersigned finds Dr. McNulty's hourly rate and time spent working on this case reasonable and compensates him in full.

### 2. Miscellaneous Costs

Petitioner requests $10,903.25 in costs associated with the preparation of a life care plan prepared by Elizabeth Kattman of ReEntry Rehabilitation Services, Inc., at a rate of $225.00 per hour for 47.57 hours of work. Pet. Mot. at 72-76. ReEntry Rehabilitation life care planners have been previously compensated at this rate for similar work. See, e.g., Desai v. Sec'y of Health & Hum. Servs., No. 14-811V, 2018 WL 6819551, at *8 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); Rojas v. Sec'y of Health & Hum. Servs., No. 14-1220V, 2017 WL 6032300, at *13 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). The undersigned finds these costs generally reasonable and well-documented. However, there is a charge of $400.00 for "File set up fee," which the undersigned finds unsubstantiated. This charge has been deducted from a previous award for a lack of information establishing its purpose and reasonableness. See Nosches v. Sec'y of Health & Hum. Servs., No. 16-1657V, 2019 WL 1149944, at *3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019). For the same reason, the undersigned deducts the requested amount by $400.00, for a total award of $10,503.25.

Furthermore, petitioner requests $2,448.27 to cover their attorney's other miscellaneous expenses, including copies, Fed Ex costs, Pacer expenses, and other expenses. Pet. Mot. at 59-60. The undersigned finds these costs reasonable and well-documented, and will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsels as follows:

**Richard Gage, P.C.:**

| | |
|---|---|
| Requested Attorneys' Fees: | $ 44,437.70 |
| Awarded Attorneys' Fees: | $ 44,437.70 |
| | |
| Requested Attorneys' Costs: | $ 36,271.52 |
| Reduction of Attorneys' Costs: | - ($ 400.00) |
| Awarded Attorneys' Costs: | $ 35,871.52 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 80,309.22** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $80,309.22, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Richard Gage.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.