# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 10, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JACOB FERGUSON, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 17-1737V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; |
| AND HUMAN SERVICES, | * | Splenectomy; Immune Thrombocytopenia |
| | * | Purpura ("ITP"). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On November 6, 2017, Jacob Ferguson[2] ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[3] Petitioner alleged he suffered from immune

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The petition was initially filed by April Ferguson on behalf of her then minor son, Jacob Ferguson; however, he reached the age of majority during the pendency of this case, and the case caption was amended. Order dated July 18, 2022 (ECF No. 110).

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

thrombocytopenia purpura ("ITP") as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") and meningococcal conjugate vaccinations administered on October 23, 2014. Petition at ¶¶ 1, 5-6 (ECF No. 1). On December 10, 2021, the undersigned issued a Ruling on Entitlement, finding Petitioner was entitled to compensation. Ruling on Entitlement dated Dec. 10, 2021 (ECF No. 78).

On July 18, 2025, the undersigned issued a Ruling on Damages. Ruling on Damages dated Jul. 18, 2025 (ECF No. 205). The Ruling awarded Petitioner (1) $250,000.00 for pain and suffering and (2) and an amount sufficient to fund the life care plan items agreed upon by the parties as well as health insurance premium and maximum out of pocket costs awarded. Id. at 48.

On November 7, 2025, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.[4] Proffer at 4. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) An amount sufficient to purchase an annuity contract described in Section A of the Proffer, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

**(2) A lump sum payment of $262,646.32 (representing $250,000.00 for actual pain and suffering and $12,646.32 for future life care plan expenses for the first year following the entry of judgment) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

**(3) A lump sum payment of $38,270.50, representing compensation for satisfaction of the State of Ohio Medicaid Lien, in the form of a check jointly payable to Petitioner and:**

**Ohio Department of Medicaid
Ohio Tort Recovery Unit
5475 Rings Road, Suite 125
Dublin, OH 43017**

**Petitioner agrees to endorse this payment to the State.**

Proffer at 1, 4. This amount represents all elements of compensation to which Petitioner is entitled under § 15(a). Id. at 4.

---

[4] On November 7, 2025, Petitioner filed a document entitled "Petitioner's Acceptance of Proffer" stating: "Petitioner has reviewed the Proffer and informs the court that he accepts the terms of Respondent's Proffer." Pet. Acceptance of Proffer, filed Nov. 7, 2025 (ECF No. 217).

2

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

JACOB FERGUSON,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

No. 17-1737V
Special Master Nora Beth Dorsey
ECF

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 10, 2021, the Court issued a Ruling on Entitlement, finding petitioner entitled to compensation. ECF No. 78. On July 18, 2025, the Court issued a Ruling on Damages. ECF No. 205. Respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's December 10, 2021 Ruling on Entitlement and/or July 18, 2025 Ruling on Damages. Notwithstanding respondent preserving his right to seek review, respondent recognizes the Ruling on Damages as the current law of the case, and based on the directives in the Ruling on Damages, respondent now proffers that petitioner receive an award as follows:

    **A.**     **Life Care Items Beginning on the First Anniversary of Judgment.**

Respondent proffers an amount sufficient to purchase an annuity contract described below in this Section A of this Proffer, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").[1]

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

1

The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

> (a) For future insurance expenses, as well as home services expenses averaging $7.00 per year, beginning on the first anniversary of the date of judgment, the annual amounts reflected in Tab A,[2] appended hereto, in the column titled "Totals of Items with a 4.0% Growth Rate," to be paid up until the anniversary of the date of judgment in the year 2069, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

> (b) For future insurance expenses, beginning on the anniversary of the date of judgment in year 2069, an annual amount of $4,373.40 to be paid up until the anniversary of the date of judgment in the year 2070, and then beginning on the anniversary of the date of judgment in year 2070 an annual amount of $1,021.40 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

> (c) For future home services expenses, beginning on the anniversary of the date of judgement in year 2069, an annual amount of $7.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment;

---

Moreover, the Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

---

[2] Tab A reflects all payments to be made through year 2081, petitioner's normal life expectancy. The annual amount in Tab A for year 2025 is excluded from the annuity. The amount representing year 2025 expenses is included in Section B of this Proffer as a direct lump sum payment.

(d)  For future medical care expenses, beginning on the anniversary of the date of judgement in year 2069, an annual amount of $153.98 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment; and

(e)  For future medication expenses, beginning on the anniversary of the date of judgement in year 2069, an annual amount of $224.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as petitioner is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Proffer. The parties agree that upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

Petitioner authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

**B.     Remaining Compensation for Damages Available under 42 U.S.C. § 300aa-15(a).**

In addition to the compensation proffered above in Section A of this Proffer, respondent proffers the following, representing all remaining compensation for damages available under 42 U.S.C. § 300aa-15(a):[3]

(1) A lump sum payment of **$262,646.32** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner;[4] and

(2) A lump sum payment of **$38,270.50**, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to petitioner and

Ohio Department of Medicaid
Ohio Tort Recovery Unit
5475 Rings Road, Suite 125
Dublin, OH 43017.

Petitioner agrees to endorse this payment to the State.

Petitioner has reviewed the foregoing and agrees with the proffered award as stated above in Sections A and B of this Proffer.[5]

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future damages.

[4] This sum consists of $12,646.32 for future life care plan expenses for the first year following the entry of judgment and $250,000.00 for actual pain and suffering. These amounts reflect the compensation directed by the Court's July 18, 2025 Ruling on Damages and do not reflect respondent's position regarding appropriate compensation. As stated above, respondent does not waive his right to seek review of the Special Master's Ruling on Entitlement and/or Ruling on Damages.

[5] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

<u>s/ RYAN D. PYLES</u>
RYAN D. PYLES
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-9847

DATED: November 7, 2025

**Jacob Ferguson**
**D.O.B.  03/03/2004**

DATE:   08/11/25
TIME:   07:40 PM

**SUMMARY OF LIFE CARE ITEMS - LIFE CARE PLAN dated August 8,2025**

| ITEM OF CARE | | Insurance | Medical Care | Medications | Home Services | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 4.0% | 4.0% | 4.0% | 4.0% | | |
| AGE | YEAR | | | | | | |
| 21 | 2025 | 12,611.32 | 0.00 | 0.00 | 35.00 | 12,646 | 12,646 |
| 22 | 2026 | 12,611.32 | 0.00 | 0.00 | 7.00 | 12,618 | 13,123 |
| 23 | 2027 | 12,611.32 | 0.00 | 0.00 | 7.00 | 12,618 | 13,648 |
| 24 | 2028 | 12,611.32 | 0.00 | 0.00 | 7.00 | 12,618 | 14,194 |
| 25 | 2029 | 12,633.76 | 0.00 | 0.00 | 7.00 | 12,641 | 14,788 |
| 26 | 2030 | 12,745.96 | 0.00 | 0.00 | 7.00 | 12,753 | 15,516 |
| 27 | 2031 | 12,880.72 | 0.00 | 0.00 | 7.00 | 12,888 | 16,307 |
| 28 | 2032 | 13,099.48 | 0.00 | 0.00 | 7.00 | 13,106 | 17,247 |
| 29 | 2033 | 13,279.12 | 0.00 | 0.00 | 7.00 | 13,286 | 18,183 |
| 30 | 2034 | 13,368.88 | 0.00 | 0.00 | 7.00 | 13,376 | 19,038 |
| 31 | 2035 | 13,503.52 | 0.00 | 0.00 | 7.00 | 13,511 | 19,999 |
| 32 | 2036 | 13,638.16 | 0.00 | 0.00 | 7.00 | 13,645 | 21,006 |
| 33 | 2037 | 13,722.40 | 0.00 | 0.00 | 7.00 | 13,729 | 21,981 |
| 34 | 2038 | 13,812.16 | 0.00 | 0.00 | 7.00 | 13,819 | 23,010 |
| 35 | 2039 | 13,857.04 | 0.00 | 0.00 | 7.00 | 13,864 | 24,008 |
| 36 | 2040 | 13,901.92 | 0.00 | 0.00 | 7.00 | 13,909 | 25,049 |
| 37 | 2041 | 13,946.80 | 0.00 | 0.00 | 7.00 | 13,954 | 26,135 |
| 38 | 2042 | 13,991.68 | 0.00 | 0.00 | 7.00 | 13,999 | 27,268 |
| 39 | 2043 | 14,081.56 | 0.00 | 0.00 | 7.00 | 14,089 | 28,541 |
| 40 | 2044 | 14,171.32 | 0.00 | 0.00 | 7.00 | 14,178 | 29,872 |
| 41 | 2045 | 14,305.96 | 0.00 | 0.00 | 7.00 | 14,313 | 31,361 |
| 42 | 2046 | 14,434.96 | 0.00 | 0.00 | 7.00 | 14,442 | 32,910 |
| 43 | 2047 | 14,614.60 | 0.00 | 0.00 | 7.00 | 14,622 | 34,652 |
| 44 | 2048 | 14,839.00 | 0.00 | 0.00 | 7.00 | 14,846 | 36,591 |
| 45 | 2049 | 15,102.76 | 0.00 | 0.00 | 7.00 | 15,110 | 38,731 |
| 46 | 2050 | 15,417.04 | 0.00 | 0.00 | 7.00 | 15,424 | 41,118 |
| 47 | 2051 | 15,770.56 | 0.00 | 0.00 | 7.00 | 15,778 | 43,743 |
| 48 | 2052 | 16,174.48 | 0.00 | 0.00 | 7.00 | 16,181 | 46,657 |
| 49 | 2053 | 16,572.88 | 0.00 | 0.00 | 7.00 | 16,580 | 49,718 |
| 50 | 2054 | 17,021.80 | 0.00 | 0.00 | 7.00 | 17,029 | 53,107 |
| 51 | 2055 | 17,465.08 | 0.00 | 0.00 | 7.00 | 17,472 | 56,669 |
| 52 | 2056 | 17,953.36 | 0.00 | 0.00 | 7.00 | 17,960 | 60,583 |
| 53 | 2057 | 18,447.16 | 0.00 | 0.00 | 7.00 | 18,454 | 64,738 |
| 54 | 2058 | 18,980.20 | 0.00 | 0.00 | 7.00 | 18,987 | 69,273 |
| 55 | 2059 | 19,513.24 | 0.00 | 0.00 | 7.00 | 19,520 | 74,066 |
| 56 | 2060 | 20,091.28 | 0.00 | 0.00 | 7.00 | 20,098 | 79,310 |
| 57 | 2061 | 20,674.84 | 0.00 | 0.00 | 7.00 | 20,682 | 84,877 |
| 58 | 2062 | 21,297.64 | 0.00 | 0.00 | 7.00 | 21,305 | 90,930 |

**Jacob Ferguson**
**D.O.B.  03/03/2004**

**DATE:** 08/11/25
**TIME:** 07:40 PM

**SUMMARY OF LIFE CARE ITEMS - LIFE CARE PLAN dated August 8,2025**

| ITEM OF CARE | Insurance | Medical Care | Medications | Home Services | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|
| **GROWTH RATE** | 4.0% | 4.0% | 4.0% | 4.0% | | |
| AGE     YEAR | | | | | | |
| 59      2063 | 21,606.28 | 0.00 | 0.00 | 7.00 | 21,613 | 95,937 |
| 60      2064 | 22,229.20 | 0.00 | 0.00 | 7.00 | 22,236 | 102,650 |
| 61      2065 | 22,767.88 | 0.00 | 0.00 | 7.00 | 22,775 | 109,343 |
| 62      2066 | 23,121.40 | 0.00 | 0.00 | 7.00 | 23,128 | 115,482 |
| 63      2067 | 23,564.68 | 0.00 | 0.00 | 7.00 | 23,572 | 122,403 |
| 64      2068 | 23,833.96 | 0.00 | 0.00 | 7.00 | 23,841 | 128,753 |
| 65      2069 | 4,373.40 | 153.98 | 224.00 | 7.00 | 4,758 | 26,726 |
| 66      2070 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 8,215 |
| 67      2071 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 8,544 |
| 68      2072 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 8,885 |
| 69      2073 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 9,241 |
| 70      2074 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 9,610 |
| 71      2075 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 9,995 |
| 72      2076 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 10,394 |
| 73      2077 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 10,810 |
| 74      2078 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 11,243 |
| 75      2079 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 11,692 |
| 76      2080 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 12,160 |
| 77      2081 | 1,021.40 | 153.98 | 224.00 | 7.00 | 1,406 | 12,646 |
| | 729,510 | 2,002 | 2,912 | 427 | 734,851 | 2,215,322 |
| | 99.27% | 0.27% | 0.40% | 0.06% | | 100.00% |

*This Report was generated using Sequoia Settlement Services, Inc  Software  © 1990*