# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

(Filed: July 30, 2026)

| | | |
|---|---|---|
| JACOB FERGUSON, | * | |
| | * | No. 17-1737V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for Petitioner.
Ryan Daniel Pyles, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On November 6, 2017, April Ferugson, on behalf of her then minor son, Jacob Ferguson ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered from immune thrombocytopenia purpura ("ITP") as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") and meningococcal conjugate vaccinations administered on October 23, 2014. Petition (ECF No. 1). On December 10, 2021, the undersigned issued a Ruling on Entitlement, finding Petitioner was entitled to compensation, and on July 18, 2025, the undersigned issued a Ruling on Damages. (ECF No. 78; ECF No. 205).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Ruling to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On November 7, 2025, Respondent filed a proffer, which the undersigned adopted as her decision awarding compensation on November 10, 2025. (ECF No. 218).

On February 18, 2022, Petitioner filed a motion requesting $80,709.22 in interim attorneys' fees and costs. (ECF No. 83). On April 12, 2022, Petitioner's motion was granted in part, and he was awarded $80,309.22. (ECF No. 88).

On December 19, 2025, Petitioner filed a final motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 222). Petitioner requests compensation in the amount of $131,502.37, representing $104,681.62 in attorneys' fees and $26,820.75 in costs. Fees App. Tab A. Pursuant to General Order No. 9, Petitioner warrants that he has not incurred any costs in pursuit of this claim. Fees App. Tab H. Respondent filed his response on December 19, 2025, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 223). Petitioner did not file a reply.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS Petitioner's motion and awards a total of $131,447.37.**

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because Petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3

F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

### i. Reasonable Hourly Rates

Petitioner requests a total of $104,681.62 in attorneys' fees. Petitioner requests the following hourly rates for the work of his counsel, Mr. Richard Gage: $393.00 per hour for work performed in 2022, $422.00 per hour for work performed in 2023, $441.00 per hour for work performed in 2024, and $450.00 per hour for work performed in 2025; for Ms. Kristen Blume, $386.00 for work performed in 2022, $422.00 for work performed in 2023, $441.00 for work performed in 2024, and $450.00 for work performed in 2025. Fees App. Tab B. Additionally, for paralegals, Petitioner requests $141.00 per hour for work performed in 2022, $152.00 for work performed in 2023, $159.00 for work performed in 2024, and $162.00 for work performed in 2025. *Id*. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable. Petitioner's counsel is therefore awarded $104,681.62 in attorneys' fees.

### b. Attorneys' Costs

Petitioner requests a total of $26,820.75 in attorneys' costs. This amount is comprised of acquiring medical records, postage, legal research, a hearing transcript, and a bank transfer fee. See Fees App. Tab G. This amount also includes: expert services provided by Dr. Edwin Forman at $500.00 per hour for 12.75 hours, totaling $6,375.00; life care planning services provided by

Elizabeth Kattman of ReEntry Rehabilitation Services, Inc., at $225.00 per hour for 7.92 hours and at $185.00 per hour for 3.75 hours, totaling $9,072.00; economist services provided by Dr. Mark McNulty at $400.00 per hour, totaling $8,900.00; and additional life care planning services provided by Vocational Evaluation and Life Care Planning, LLC in 2025 at $300.00 per hour for 3.6 hours, totaling $1,080.00. See id. The undersigned finds that rates billed by these experts are consistent with what they have been previously awarded and that their billing is reasonable.

Petitioner has provided supporting documentation for the majority of the remaining costs, except for the following expenses: "Library Articles" ($30.00) and a "bank transfer fee" ($25.00), which were not supported by an invoice or proof of payment. Therefore, reimbursement for these unsupported costs is denied. This results in a reduction of **$55.00**.

Accordingly, Petitioner is awarded final attorneys' costs of $26,765.75.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $104,681.62 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$104,681.62** |
| | |
| Attorneys' Costs Requested | $26,820.75 |
| (Reduction of Costs) | ($55.00) |
| **Total Attorneys' Costs Awarded** | **$26,765.75** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$131,447.37** |

**Accordingly, the undersigned awards $131,447.37 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.